# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MAGNUM MAGNETICS CORPORATION,
d/b/a MAGNUM INK & COATINGS,
      Plaintiff,

vs.

BRIAN HINDERER, et al.,
      Defendants.

Case No. 1:16-cv-1063
Bertelsman, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court following an informal discovery conference held on May 12, 2017. The outstanding discovery matters are resolved as follows:

1. Plaintiff Magnum Magnetics Corporation d/b/a Magnum Ink & Coatings (Magnum) and defendants Brian Eschoo and Midwest Graphic Sales, Inc. (the Midwest defendants) will explore options for retrieving text messages from Eschoo's damaged mobile telephone, including obtaining the relevant messages from defendant Brian Hinderer or obtaining lower cost estimates from other vendors.

2. The Midwest defendants shall produce to plaintiff those emails and communications between Hinderer, defendant Zeres, Inc., and the Midwest defendants that are relevant to the personal jurisdiction issue by **May 26, 2017**.

3. Defendants Hirschfield's Paint Manufacturing, Inc. and Jason Boedigheimer (the Hirschfield defendants) have not waived their objections to plaintiff Magnum's discovery requests as a result of the brief delay in responding to those requests.

4. The Hirschfield defendants are not required to change the Attorneys Eyes Only designation of documents that they have produced to Magnum.

5. The Attorney Eyes Only designation of emails the Hirschfield defendants exchanged with defendant Hinderer need not be removed as to Magnum at this point.

6. The parties shall confer and attempt to narrow the scope of the communications with, and documents related, to Vikas Singhal and Astral Adhesives & Coatings, Inc., pertaining to various topics which the Hirschfield defendants discussed with Hinderer while working with him. If the parties are unable to narrow the scope of the topics by agreement, they will be required to brief this issue.

7. In light of the Hirschfield defendants' failure to object to plaintiff's request that they produce electronically stored information (ESI) in the format specified in Magnum's request, and consistent with generally accepted methods for producing ESI, the Hirschfield defendants are **ORDERED** to produce ESI to Magnum in the format plaintiff has requested. ESI in the form of spreadsheets, financial data or similar information shall be produced in native format or Excel format; email communications and attachments shall be produced in a near-native format, meaning emails in .html format and linked through the ParentID/AttachmentID field in a data load file, with linked attachments produced in native format; and all other ESI shall be produced in a form that is reasonably usable and searchable.

8. A follow-up telephone discovery and scheduling conference is scheduled for **Tuesday, May 23, 2017** at **10:00 a.m**.

**IT IS SO ORDERED.**

Date: <u>May 12, 2017</u>                    <u>s/Karen L. Litkovitz</u>
                                              Karen L. Litkovitz
                                              United States Magistrate Judge